Foy & Shemwell *et al. v.* Georgia-Alabama Power Co. *et al.*

Atkinson, J. 1. The petition in this case, properly construed, is an action by individuals as owners of a minority of the capital stock of the Georgia-Alabama Power Company, against Townsend Scott & Son as owners of the majority of the capital stock of that corporation, and the Georgia-Alabama Utilities Company, a corporation the entire capital stock of which was owned by the Georgia-Alabama Power Company, and the South Georgia Public Service Company, a corporation the entire capital stock of which was owned by Townsend Scott & Son; seeking redress from Townsend Scott & Son for acts of theirs injuriously affecting the Georgia-Alabama Power Company and thereby lessening the value of the plaintiffs' shares of stock in that corporation. By one of the acts Townsend Scott & Son undertake, by virtue of their ownership of a majority of the capital stock and domination of the Georgia-Alabama Power Company, without authority to relieve themselves from liability for the purchase of preferred stock from the Georgia-Alabama Power Company, the effect of which would be to reduce the assets of that company. The other act consists of exercise of a power of control over the Georgia-Alabama Utilities Company in virtue of their control over the Georgia-Alabama Power Company and that company's ownership of the entire capital stock of the Georgia-Alabama Utilities Company, and exercising such power of control as to cause the Georgia-Alabama Utilities Company to permit a lapse of certain valuable franchises owned by it, the result of which was to lessen the value of the stock of the Georgia-Alabama Utilities Company owned by the Georgia-Alabama Power Company, and thus lessen the value of the stock of the plaintiffs in the Georgia-Alabama Power Company. The whole constitutes one indivisible controversy.

2. The plaintiffs are citizens of the State of Georgia. Townsend Scott & Son and the individual members of that firm are citizens of the State of Maryland. The Georgia-Alabama Utilities Company is a corporation originally incorporated in the State of Georgia, with its principal office in this State. The Georgia-Alabama Power Company is a corporation originally incorporated in the State of North Carolina, the principal business and property of which are situated in Georgia and Alabama, and which was domesticated as a Georgia corporation under the act of 1920 (Ga. Laws 1920, p. 151; Park's Code Supp. 1922, § 2207

(a)). *Held*, that the Georgia-Alabama Power Company and the Georgia-Alabama Utilities Company, the corporate assets of which were being injuriously affected by Townsend Scott & Son, were necessary parties to the suit with respect to the entire controversy indicated in the preceding division.

3. As there was but one controversy between the plaintiffs and Townsend Scott & Son, in which the Georgia-Alabama Power Company and the Georgia-Alabama Utilities Company were both necessary parties, and the Georgia-Alabama Utilities Company was a citizen of Georgia, the controversy was not wholly between citizens of different States, which could be fully determined. without reference to any other party, and a case was not presented which could be properly removed under the act of March 3, 1875, c. 137 (as construed in Barney *v.* Latham, 103· U. S. 205, 26 L. ed. 514), which has since been included in section 28 of the Federal Judicial Code (5 Fed. Stat. Ann. (2d ed.) 16). Under this view it becomes unnecessary to decide whether the Georgia-Alabama Power Company became a citizen of Georgia within the meaning of section 28 of the Federal Judicial Code, by complying with the Georgia statute relating to the domestication of foreign corporations.

4. Applying the principles stated above, the trial judge erred in granting the order of removal.

*Judgment reversed. All the Justices concur.*

No. 4033. OCTOBER 1, 1924.

Removal of cause. Before Judge Custer. Dougherty superior court. October 5, 1923.

Foy and Shemwell (a partnership), J. W. Parker, A. W. Barrett, B. E. Fouché, and J. A. Davis, as plaintiffs, instituted an equitable action in the superior court of Dougherty County, against the Georgia-Alabama Power Company (hereinafter called the Power Company), Townsend Scott & Son (a partnership) and the individual members of that firm, the South Georgia Public Service Company (hereinafter called the Public Service Company) and the Georgia-Alabama Utilities Company (hereinafter called the Utilities Company). The Power Company and Townsend Scott & Son filed a petition "jointly and severally," addressed to the superior court and the judge thereof, seeking, on the ground of severalty of controversies· and diversity of citizenship of the parties, a removal of the cause to the Albany division of the United States district court for the southern district of Georgia. After a hearing the judge granted orders appropriate for removal as prayed. The plaintiffs excepted. The original petition in the pending action as amended alleged substantially the following, relating to residence and citizenship of the parties to the suit: That plaintiffs are residents and citizens of Dougherty County, Georgia; that the Power Company

was originally incorporated in the year 1918 under the laws of the State of North Carolina, with its principal office in the City of Lexington, North Carolina, but all of its physical assets, including several large hydroelectric plants and transmission lines of great value are located at and near Albany, Georgia, and in specified counties in the States of Georgia and Alabama, and all of its executive offices, including the office of the general manager, auditor, bookkeeping force, linemen, skilled electric operators, and all books of account and records are and ever since four or five months after its organization have been permanently located in the City of Albany, Dougherty County, Georgia, from which all of the activities of the company with reference to public business are transacted; that said corporation has no office in the State of North Carolina and no officer or agent in that State, except one director, and has no property there except a table and a few chairs sufficient for a stockholders' meeting; that in pursuance of the act approved August 17, 1920 (Acts 1920, p. 151), the corporation filed its petition in the superior court of Dougherty County, praying that it be made a domestic corporation, and the prayer of the petition was granted on November 19, 1920; that subsequently the Power Company accepted the benefits of the domesticating order, and in specified instances exercised the power of eminent domain and entered into agreement with other persons in respect to the exercise of eminent domain, which agreement contained the statement that the corporation was domesticated under the Georgia law; that in the circumstances the Power Company is in all essential respects a corporation of Georgia, domiciled in said County of Dougherty, and is estopped from denying that it has become a duly domesticated corporation in Georgia; that Townsend Scott & Son are engaged in the business of banking and dealing in bonds, stocks, and other securities in Baltimore, Maryland, and all of the members of that firm live in the City of Baltimore; that the Utilities Company is a local corporation incorporated under the laws of Georgia; and that the Public Service Company is a corporation (but its domicile is not alleged).

Relatively to the residence and citizenship of the parties to the suit, the petition for removal alleged substantially the following: The plaintiffs are residents and citizens of Georgia; the Utilities Company and the Public Service Company are corporations created

under the laws of Georgia, with their principal places of business and residences in this State; Townsend Scott & Son and each of the members of that firm are residents and citizens of the State of Maryland; the Power Company "is a corporation originally created . . under the laws of the State of North Carolina in the year 1918, with its principal office in the City of Lexington in said State of North Carolina, and is a resident, citizen, and inhabitant of the State of North Carolina, and is a resident, citizen, and inhabitant of no other State, and has not been chartered, incorporated, or domesticated under the laws of Georgia or of any other State."

In the original equitable petition the plaintiffs, for themselves and others similarly situated, sued as minority stockholders of the Power Company, owning stated amounts of both preferred and common stock. The petition alleged, among other things, the following: Townsend Scott & Son participated in organizing the Power Company, and afterward became its financial agent. The corporation issued $1,710,000 of bonds secured by mortgage on its properties. These bonds were sold by Townsend Scott & Son, who received a broker's commission. Subsequently provision was made for issuance of $5,000,000 of bonds secured by mortgage on the property of the Power Company. The purpose of this issue of bonds was to retire the first issue and to provide additional funds for the corporation. Of the second issue, bonds amounting to $2,-700,000 were turned over to Townsend Scott & Son to be sold. On advice of Townsend Scott & Son, the Power Company determined to sell $500,000 of preferred capital stock which that company was authorized under its charter to issue. Townsend Scott & Son as financial agents of the Power Company induced the Albany Real Estate Company to "underwrite" the stock by buying it for $400,-000, giving the Power Company ten promissory notes for $40,000 each, payable one note each successive year, and hypothecating the entire $500,000 of preferred stock as security for the notes. Several months after this transaction, Townsend Scott & Son acquired additional shares of the common or voting stock of the Power Company, thereby increasing their holdings to 7990 shares of such stock, out of the total of 8500 shares issued by the corporation. On the day of such acquisition, Townsend Scott & Son assumed payment of $350,000 of the notes given by the Albany

2

Real Estate Company to the Power Company, and received therefor $437,500 of the preferred stock for which the Albany Real Estate Company had given its notes. The effect of this was to make Townsend Scott & Son a debtor of the Power Company to the amount of $350,000 as purchase-price of the $437,500 of preferred stock. After becoming so indebted, Townsend Scott & Son having control of the Power Company, in virtue of their ownership of almost all of the common or voting stock of that corporation, dominated its officers and agents, and caused entries to be made on the books and papers to be drawn purporting to "wipe out" all debt for purchase of stock, and make it appear that Townsend Scott & Son had made a loan of $350,000 to the Power Company for money paid into its treasury, and had caused the officers of the Power Company to turn over to them, as security for the pretended loan, $437,500 of the mortgage bonds of that company, which assertion of interest in such bonds was illegal and fraudulent, and operates as a cloud upon the title of the Power Company, and should be cancelled and set aside.

Other allegations were: At the time Townsend Scott & Son acquired control of the Power Company, that corporation owned all the capital stock in the Utilities Company, and the latter company held certain valuable franchises in the cities of Americus and Cordele, giving the right to establish in the streets of the respective cities poles, wires, and fixtures for distribution of electricity. The grant of franchise in each city was on condition that there would be forfeiture of the grant unless exercise of the privileges granted should be commenced within a specified time. Townsend Scott & Son, having control of the Power Company and Utilities Company and dominating the officers of the Power Company, allowed the franchises in both the cities to lapse and become forfeited, in order that they might be acquired by the Public Service Company, a new corporation owned entirely by Townsend Scott & Son and other associates. The value of the franchises was $200,000. By suffering the franchises to become forfeited Townsend Scott & Son have injured and damaged the Power Company and its subsidiary, the Utilities Company, in the sum of $200,000, and should be required to make good such amount to those companies for the benefit of petitioners and others similarly situated. The claim of Townsend Scott & Son and the Public

Service Company to occupy the streets of Americus and Cordele was acquired with full notice of the rights of the Power Company and its subsidiary, the Utilities Company, and subject to such rights, and therefore such claims to said franchises should be declared invalid, and the title thereto should be decreed to be in the Power Company and its subsidiary, as against Townsend Scott & Son and their new corporation. Under all the facts Townsend Scott & Son should be excluded from sharing or participating in the earnings of the Power Company or control of its physical properties until the wrongs complained of shall have been righted. The prayers were: (1) For process; (2) for order authorizing service by publication upon Townsend Scott & Son and the individual members of that firm; (3) that the Power Company and its officers and agents and subsidiaries be enjoined (a) from paying any moneys or turning over any property to Townsend Scott & Son, (b) from transferring any shares of stock now appearing on the books of the company in the name of Townsend Scott & Son, (c) from altering the status of its property or business; (4) that Townsend Scott & Son and the members of that firm be enjoined (a) from receiving from the Power Company, its agents or subsidiaries, any moneys or property, (b) from transferring, selling, hypothecating, or in any manner changing or altering the status of any stocks or bonds issued by the Power Company, (c) from interfering with the business of that company; (5) that the court take jurisdiction of the Power Company and its property sufficient to give full force to the prayers of the petition and decree of the court; (6) for a temporary restraining order; (7) for general relief. The petition for removal alleged, that the complaints relating to the matters of changing the status with respect to the Albany Real Estate Company notes and diversion of bonds belonging to the Power Company made a controversy, and the complaints relating to damages based on forfeiture of franchise granted by the Cities of Americus and Cordele constituted another controversy, each of which was a severable controversy wholly between citizens of different States, which could be determined between such citizens without reference to the other parties named in the case; that is to say, that the plaintiffs, all of whom were citizens of the State of Georgia, were all the necessary parties on one side of such controversies and the Power Company, a citizen

of North Carolina, and Townsend Scott & Son and the individual members of that firm, citizens of Maryland, were all the necessary parties on the other side of such controversies; and that no substantial relief was prayed against the Utilities Company or the Public Service Company, and consequently they were not interested in the controversies above mentioned.

*Alston, Alston, Foster & Moise, Lippitt & Burt,* and *Pope & Bennet,* for plaintiffs.

*Little, Powell, Smith & Goldstein* and *Milner & Farkas,* for defendants.